579 F.2d 362
 COMPASS MARINE TRANSPORT, INC., American Commercial Barge
Line, Inc., Alter Company, Agritrans Corporation, Joseph
Domino, Inc., Federal Barge Lines, Inc., McKinney Towing
Company, Nilo Barge Line, Inc., Ohio Barge Line, Inc.,
Orgulf Transport Company, Union Mechling Corporation, the
Valley Line Company, and Wisconsin Barge Line, Inc.,
Plaintiffs-Appellants,
v.
Brock ADAMS, Secretary, Department of Transportation, the
United States Coast Guard, Admiral Owen W. Siler
and Admiral W. M. Barrow, Defendants-Appellees.
 No. 78-1456
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Sept. 1, 1978.
 William E. O'Neil, Scott Rodger Wheaton, Jr., New Orleans, La., for plaintiffs-appellants.
 Michelle F. Pitard, Asst. U. S. Atty., John Volz, U. S. Atty., Martin L. Lindahl, Atty., Office of the Commander, Eighth Coast Guard District, Kevin J. Barry, New Orleans, La., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before MORGAN, CLARK, and TJOFLAT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Under the Ports and Waterways Safety Act, 33 U.S.C. § 1221, Et seq., the Secretary of the department in which the Coast Guard is operating may establish a communication system, designated as Vessel Traffic Service (VTS), to facilitate safety of vessel movement in congested areas. On June 17, 1976, the Department of Transportation published an Advance Notice of Proposed Rulemaking in connection with a VTS for the Mississippi River area near New Orleans, Louisiana. 41 Fed.Reg. 24601-07. According to the complaint in this action, the Secretary promulgated an operating manual for New Orleans VTS in September 1977, and on October 17, 1977, the Secretary initiated a voluntary VTS program for the New Orleans area pursuant to this manual. Plaintiff vessel operators complain that the voluntary program is in violation of the defendants' duty to consult with other agencies, and is inefficient, unreliable, and dangerous to use. But at the same time complainants fear that nonparticipation in the voluntary system could subject them to Coast Guard licensing difficulties or claims by seamen for failure to use an available navigation aid. The district court dismissed the complaint. We affirm.
 
 
 2
 The defendants acknowledge that the present voluntary VTS resulted from industry opposition to their initial efforts to establish a mandatory VTS under the Act. They expect experience and knowledge gleaned from the voluntary VTS to enable them to make helpful changes in a system to be later proposed. This preliminary step is not the type of action which must be the subject of the consultation and comment required of rules, regulations, or standards proposed for mandatory implementation.
 
 
 3
 The Coast Guard insists the present VTS program is wholly voluntary. So long as it remains voluntary, they are estopped to claim nonparticipation could be the basis for any adverse inference or action with regard to licensing.
 
 
 4
 Relying upon The T. J. Hooper, 60 F.2d 737 (2d Cir. 1932), plaintiffs assert that there is no such thing as a voluntary aid to navigation. In The T. J. Hooper, tugs were held unseaworthy because they were not equipped with radio receivers. At that time the law did not mandate such equipment, nor was it general custom to carry such equipment. Plaintiffs' reliance is misplaced. If useful devices are reasonably available, prudent shipowners should avail themselves of their benefits. If the voluntary VTS were indeed useful and they turned their backs, that circumstance could become a predicate for liability. If the voluntary VTS is, as they contend, a dangerous and unreliable system, no one could claim they should use it; indeed, if they did, that too could be a problem. None of these circumstances affects our decision that the district court correctly dismissed the instant complaint. This attempt to challenge the action of the defendants in installing a purely voluntary Vessel Traffic Service in this area fails to allege a case or controversy ripe for adjudication.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409